**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

SHANITA GILES,

    Plaintiff,

v.

    Case No.

    Hon.

R1 RCM INC.,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Shanita Giles (hereinafter "Plaintiff"), by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

    1.    Plaintiff, Shanita Giles, is a resident of the Township of West Bloomfield, County of Oakland and State of Michigan.

    2.    Defendant, R1 RCM Inc. (hereinafter "R1 RCM") is a foreign corporation whose resident agent is The Corporation Company and whose resident address is 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170, and who is duly authorized to do business in the State of Michigan.

    3.    The events producing the original injury occurred in the County of Wayne, State of Michigan and Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Shanita Giles, is a female who began her employment with the R1 RCM in January, 2017 in Senior Operations.

8. In January, 2018 Plaintiff was approved for intermittent FMLA leave to provide medical care for her daughter who suffered from asthma.

9. Asthma is a serious medical condition under the FMLA and a disability under the Americans with Disabilities Act ("ADA") and Plaintiff exercised her approved FMLA leave to care for her daughter when needed.

10. Plaintiff was also associated with a person suffering from a disability under the ADA as a result of her daughter having a disability under the ADA.

11. In May 2018 Plaintiff's direct supervisor began to make derogatory comments about Plaintiff's FMLA leave and micro managing Plaintiff's FMLA leave.

12. Plaintiff complained to upper management that her immediate supervisor was attempting to interfere with her FMLA leave and was creating a hostile work environment for Plaintiff because Plaintiff was on FMLA and associated with someone with a disability.

13. In response to Plaintiff's complaints that her supervisor was attempting to interfere in her use of FMLA leave and creating a hostile work environment due to her daughter's disability, Plaintiff's supervisor began to retaliate against her.

14. In September, 2018 Plaintiff was assigned a new supervisor and a new manager.

15. Plaintiff's new manager immediately began interrogating her about her FMLA leave and her daughter's disability attempting to interfere with Plaintiff's use of intermittent FMLA leave.

16. To further intimidate Plaintiff on her use of FMLA leave, Plaintiff's new manager and supervisor conducted an elaborate audit of Plaintiff's FMLA leave by making a big production about it with Plaintiff.

17. In November 2018 Plaintiff exhausted her FMLA leave and requested that she be accommodated for her daughter's disability under the ADA by being allowed to assist in her daughter's medical treatment.

18. Plaintiff was protected under the American with Disabilities Act by being associated with someone with a Disability.

19. Defendant denied Plaintiff's request for an accommodation under the ADA and told her that "our attendance policy is very subjective" and they were not going to give her any accommodations to care for her daughter.

20. On November 14, 2018 Plaintiff told management, including her supervisor and manager that she was filing a complaint with the Michigan Department of Civil Rights and the EEOC for Defendant's violation of the Family Medical Leave Act.

21. The Michigan Department of Civil Rights and EEOC are public bodies under the Michigan Whistleblower's Protection Act.

22. On November 14, 2018 Plaintiff was suspended for threatening to go to the Michigan Department of Civil Rights and EEOC.

23. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant, R1

RCM is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

24. At all times relevant, Plaintiff was acting as an employee.

25. Defendant, through their agents, representatives and employees, were predisposed to discriminate against Plaintiff on the basis of her daughter's disability and acted in accordance with that predisposition.

26. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

27. Plaintiff has filed a Charge of Discrimination under the ADA with the Michigan Department of Civil Rights and will amend her Complaint when a Right to Sue letter is issued by the EEOC or the Michigan Department of Civil Rights.

## COUNT I
## VIOLATION OF THE FMLA

28. Plaintiff incorporates by reference paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. R1 RCM was Plaintiff's "employer" within the meaning of the FMLA.

30. Plaintiff requested and was given the impression she was approved for intermittent medical leaves which were protected under FMLA and which were approved by the Employer.

31. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA, by terminating Plaintiff.

32. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs,

4

interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. R1 RCM was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

35. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

36. Plaintiff engaged in activity protected by the FMLA when she requested and was given the impression she was approved for FMLA leave.

37. The FMLA leaves were approved by Defendant.

38. Defendant took adverse action against Plaintiff by terminating her after she returned from FMLA leave.

39. As a result of Plaintiff asserting her right to a FMLA leave, she was subjected to adverse employment action including termination.

40. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Loss of earnings and other employment benefits; and

    g. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF MICHIGAN'S WHISTLEBLOWERS' PROTECTION ACT

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. At all times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of the Whistleblowers' Protection Act, MCLA 15.361, et seq., MSA 17.428(1), et seq.

43. Plaintiff was engaging in a protected activity when she informed Defendant that she intended on reporting a violation or suspected violation of a law to the Michigan Department of Civil Rights and the EEOC.

44. Defendant violated the Whistleblowers' Protection Act when it discriminated against Plaintiff regarding the terms, conditions and privileges of her employment by retaliating against her and terminating her because she threatened to report a violation or suspected violation of a law, regulation, or rule of the State of Michigan and/or the United States of America, and opposed practices made illegal by the laws, regulations and rules of the State of Michigan and/or the United States of America.

45. Defendant's actions were intentional.

46. As a direct and proximate cause of Defendant's unlawful actions against Plaintiff, Plaintiff sustained, and will sustain in the future, injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

47. Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48. Defendant is an "employer" as defined in the Michigan Elliott-Larsen Civil Rights Act, MCL 37.1101 et seq.

49. Plaintiff engaged in a protected activity by filing a Complaint against Defendant as she was seeking to enforce her statutory rights to be free from discrimination and retaliation in the workplace due to her daughter's disability.

50. Defendant knew that Plaintiff was engaging in a protected activity.

51. As a direct result of Plaintiff engaging in the above-referenced protected activity, Defendant has retaliated against Plaintiff.

52. Plaintiff's complaints of harassment and discrimination were a significant factor in Defendant's retaliating against her, creating a hostile work environment and terminating her.

53. Because of the unlawful conduct of Defendant, and as a proximate result of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 15, 2019

### **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Shanita Giles, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: January 15, 2019